# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SYED ZAHEER,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | CRIMINAL NO.<br>3:95cr37 (SRU) |

# ORDER

On February 22, 1995, a grand jury returned an indictment charging petitioner Syed Zaheer with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. The charged offense took place during the fall of 1994. In short, Zaheer participated in a scheme to defraud multiple manufacturers, distributors and retailers of computers and computer-related products. Zaheer does not contend that he is innocent of the charges.

Zaheer, however, was not immediately prosecuted because the government could not locate him. Zaheer remained at large until March 2002, when the government found him in Texas. The government brought Zaheer back to Connecticut and, on July 22, 2002, Zaheer pled guilty to the wire fraud charge. On February 14, 2003, I sentenced Zaheer to twenty-four months in prison followed by three years of supervised release. Zaheer's sentence included a three-level guideline enhancement for his managerial role in the offense.

On July 22, 2003, Zaheer filed a motion to vacate or reduce sentence pursuant to 28 U.S.C. § 2255. In his motion, he argues that his counsel, Timothy Aspinwall, was constitutionally ineffective. Specifically, Zaheer argues that Aspinwall should have objected to his conviction and sentence because the statute of limitations for the crime had expired, and that Aspinwall should have challenged the three-level guideline enhancement for Zaheer's managerial

role in the offense.

## I. The *Strickland* Standard

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), held that the "right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled." *Id*. at 684. (internal quotations omitted). "The Sixth Amendment recognizes the right to assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. . . . For that reason . . . the right to counsel is the right to effective assistance of counsel." *Id*. (internal quotations omitted). "Counsel can deprive a defendant of the right to effective assistance, simply by failing to render 'reasonably competent advice.'" *Id*. (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980)).

The *Strickland* Court set forth a two-pronged analysis to determine whether a lawyer's representation was constitutionally ineffective. "[I]n order to prevail on an ineffective-assistance-of-counsel claim, a defendant must show (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that as a result he suffered prejudice. Both prongs of this test must be met." *United States v. Jones*, 455 F.3d 134, 151 (2d Cir. 2006). "Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." *Kieser v. New York*, 56 F.3d 16, 18 (2d Cir. 1995) (per curiam) (internal quotations omitted).

## II. Zaheer's Statute of Limitations Claim

Zaheer claims his attorney's performance was constitutionally ineffective because he

failed to argue that the charges against him were time-barred. Zaheer's attorney did not err, however, because the charges against Zaheer were not time-barred.

The statute of limitations for wire fraud is set forth in 18 U.S.C. § 3282 and provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." *Id*. In this case, Zaheer was indicted within months of the completion of the conspiracy. There is no question that the indictment, when handed down, was timely.

Zaheer nevertheless claims that the statute of limitations expired during the period of time between his indictment and his ultimate apprehension and prosecution. Once an indictment is brought, however, "the statute of limitations is tolled as to the charges contained in that indictment." *United States v. LaSpina*, 299 F.3d 165, 178 (2d Cir. 2002) (quoting *United States v. Grady*, 544 F.2d 598, 601 (2d Cir. 1976)).[1] The statute of limitations for Zaheer's crime was thus tolled as of February 22, 1995, the day he was indicted. Because the charge against Zaheer was timely as of that date, his subsequent arrest and prosecution were also timely.

Zaheer's argument that he was not a fugitive from justice because he did not intend to evade arrest is a red herring. A criminal's status as a fugitive from justice is pertinent when

---

[1] In describing the interplay between an indictment and the statute of limitations, the *Grady* Court noted "[o]nce an indictment is brought, the statute of limitations is tolled as to the charges contained in that indictment. . . . This is a sensible application of the policies underlying statutes of limitations. The defendants are put on timely notice, because of the pendency of an indictment filed within the statutory time frame, that they will be called to account for their activities and should prepare a defense. . . . The statute begins to run again on those charges *only* if the indictment is dismissed, and the Government must then reindict before the statute runs out or within six months, whichever is later, in order not to be time-barred. . . . [T]he statute stops running with the bringing of the first indictment . . . ." *Grady*, 544 F.2d at 601 (emphasis added) (citations omitted).

considering tolling pursuant to 18 U.S.C. § 3290. *See* 18 U.S.C. § 3290. ("No statute of limitations shall extend to any person fleeing from justice"); *see also United States v. Florez*, 447 F.3d 145, 151 (2d Cir. 2006) (holding that "a person's mere absence from a jurisdiction is insufficient, by itself, to demonstrate flight under § 3290 . . . there must be proof of the person's intent to avoid arrest or prosecution."). In this case, however, the government had no need to seek tolling under 18 U.S.C. § 3290 because the statute of limitations was already tolled upon Zaheer's indictment. The intent-to-avoid-arrest requirement in Section 3290 therefore does not apply, and Zaheer's counsel did not err when he failed to object to the charges on those grounds.

Because Zaheer's substantive statute-of-limitations argument is without merit, his lawyer did not err by not raising it. Zaheer has thus failed to show either prong of the *Strickland* analysis: that his attorney's performance fell below an objective standard of reasonableness, or that he was prejudiced by his lawyer's deficient performance.

### III. Zaheer's Guideline Enhancement Claim

Although he does not extensively brief the issue, Zaheer also argues that his trial counsel should have challenged the three-level guideline enhancement for managerial role in the offense, and that his counsel should have ordered a polygraph to support his claim. The enhancement for managerial role in the offense, however, was factually supported. The presentence report indicated that Zaheer was "president" of the business that committed the fraud. He opened its bank accounts, rented its office space, recruited and transported the phone workers, prepared Credit Applications, Ordered and otherwise oversaw the entire operation. Zaheer was instrumental to the overall success of the fraud.

Therefore, because Zaheer's counsel's decision not to challenge the sentencing

enhancement for role in the offense was a reasonable decision. Because the enhancement is supported by the factual record, an argument against imposing the enhancement would have been unsuccessful. Thus, Zaheer's counsel did not err when he failed to challenge the enhancement. Accordingly, Zaheer again fails to show either prong of the *Strickland* analysis.

**IV.     Conclusion**

For the foregoing reasons, Zaheer's *Strickland* claims fail and his motion to vacate or set aside sentence **(doc. #80)** is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 26th day of April 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge